**Prince Obi MARTIN, aka Daniel Madu Nzelu, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 05–72763.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 20, 2007 *.

Filed Feb. 23, 2007.

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

---

Prince Obi Martin, Burbank, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, James A. Hunolt, Esq., DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, M. Jocelyn Wright, U.S. Department of Justice, Civil Division, Washington, D.C., for Respondent.

Before: BEEZER, FERNANDEZ, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Prince Obi Martin, a native and citizen of Nigeria, petitions pro se for review of the order of the Board of Immigration Appeals ("BIA") affirming the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Tor-

ture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence. *See Desta v. Ashcroft,* 365 F.3d 741, 745 (9th Cir.2004).

■ Martin raises two contentions for the first time in his pro se petition for review. He contends that he is eligible for asylum, withholding of removal, and CAT relief based on his fear of persecution and torture in Sudan. He also contends that he is eligible for Temporary Protected Status as a national of Sudan.[1] Because Martin's claim below was based on harm that he suffered in Nigeria as a Nigerian national, he did not exhaust either of these new claims before the IJ or BIA. This court therefore lacks jurisdiction to consider them. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004). Furthermore, we do not consider the new evidence Martin seeks to introduce with his petition for review. *See Chouchkov v. INS,* 220 F.3d 1077, 1080 (9th Cir.2000) (noting that this court's review is limited to the administrative record).

■ Construing Martin's pro se petition generously, to conclude that it challenges the IJ's adverse credibility determinations, we deny it. The IJ denied Martin's claims because she found that Martin failed to credibly establish his true identity or birthplace, and because he submitted several fraudulent documents regarding the harm he suffered in Nigeria. Substantial evidence in the record supports the IJ's adverse credibility determination. *See Desta,* 365 F.3d at 745; *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We note that Martin testified repeatedly that he was born in different parts of Nigeria (except for his initial testimony that he was born in Germany), and that all of the supporting documentation related to Martin's place of birth indicates locations within Nigeria.

Because Martin failed to meet his burden for asylum, he necessarily did not satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS,* 332 F.3d 1245, 1255 (9th Cir. 2003).

Substantial evidence also supports the IJ's finding that Martin failed to credibly establish that he is eligible for relief under the CAT. *See Farah,* 348 F.3d at 1157.

**PETITION FOR REVIEW DENIED.**